UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | March 26, 2015 |
|---|---|---|---|
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     **(In Chambers)** PLAINTIFF'S REQUEST FOR LEAVE TO EXCEED PAGE LIMIT FOR PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER (filed March 26, 2015)

    On March 11, 2015, plaintiff Jeannette Martello, a plastic surgeon, filed this lawsuit against defendants Shelley Rouillard, in her official capacity as Director of the California Department of Managed Health Care, Kimberly Kirchmeyer, in her official capacity as Director of the Medical Board of California, and Does 1 through 20. Dkt. No. 1. Plaintiff alleges that defendants' continued enforcement of California laws prohibiting the practice of "balance billing" in certain health care contexts violates the Supremacy Clause, U.S. Const. art. VI, cl. 2.[1] Specifically, plaintiff alleges that the state laws at issue are preempted by the federal Patient Protection and Affordable Care Act, 42 U.S.C. § 18001, et seq. (the "ACA"), as well as the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiff seeks a declaratory judgment stating that California's prohibition on balance billing is preempted by federal law, as well as a permanent injunction enjoining defendants from enforcing the allegedly preempted state laws.

---

[1] Plaintiff cites to Prospect Medical Group, Inc. v. Northridge Emergency Group, et al., 45 Cal. 4th 497 (2009) and Cal. Code of Regs., tit. 28, § 1300.71.39, as the California authorities prohibiting balance billing. Compl. ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | March 26, 2015 |
|---|---|---|---|
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD ET AL. | | |

On March 11, 2015, plaintiff filed an *ex parte* application for a temporary restraining order, as well an *ex parte* application for bond. Dkts. 3,4. By order dated March 12, 2015, the Court denied plaintiff's applications without prejudice, concluding that plaintiff had failed to explain why provision of notice to defendants should not be required. Dkt. 8. The Court further explained:

> Although plaintiff's application indicates that she attempted to serve defendants by first class mail on March 11, 2015, such service does not comport with the requirements set forth in Federal Rule of Civil Procedure 4. What's more, plaintiff has not provided proofs of service in connection with her verified complaint, indicating that defendants do not have actual notice of this lawsuit, let alone of plaintiff's application for a temporary restraining order.

Id. at 3.

Plaintiff subsequently filed the instant request for leave to exceed the page limit in connection with her memorandum in support of her motion for a temporary restraining order. Plaintiff also filed a request for judicial notice of certain documents.

Plaintiff, however, has not complied with this Court's March 12, 2015 order to effectuate service in a manner that comports with Federal Rule of Civil Procedure 4. Instead, plaintiff submits a "corrected certificate of service," in which she states that the summons, complaint, motion for bond, motion for a temporary restraining order, and other documents "were given to a registered process server for personal service on defendants." Plaintiff's "corrected certificate of service" does not comport with the requirements of Rule 4, which provides that"[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, **proof must be by the server's affidavit**." Fed. R. Civ. Pro. 4(l)(1) (emphasis added).

Because plaintiff has not provided the Court with adequate proof of service, plaintiff's request to exceed page limits and her request for judicial notice are DENIED. Further, plaintiff is admonished to follow the Federal Rules of Civil Procedure and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | March 26, 2015 |
|---|---|---|---|
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD ET AL. | | |

local rules of court.  Failure to do so may result in monetary or other sanctions, including but not limited to terminating sanctions.

    IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |