UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jeannette Martello, Pro Se (By Telephone) | Cindy Lopez<br>Kristin Door |

**Proceedings:** DEFENDANT KIMBERLY KIRCHMEYER'S MOTION TO DISMISS (dkt. 21, filed April 21, 2015)

DEFENDANT SHELLEY ROUILLARD'S MOTION TO DISMISS (dkt. 24, filed May 6, 2015)

## I. INTRODUCTION

On March 11, 2015, plaintiff Jeannette Martello, a plastic surgeon, filed this lawsuit against defendants Shelley Rouillard, in her official capacity as Director of the California Department of Managed Health Care ("DMHC"), Kimberly Kirchmeyer, in her official capacity as Director of the Medical Board of California ("Medical Board"), and Does 1 through 20. Dkt. 1. Plaintiff alleges that defendants' continued enforcement against her of California laws prohibiting the practice of "balance billing" in certain health care contexts violates the Supremacy Clause, U.S. Const. art. VI, cl. 2.

Specifically, plaintiff alleges that the state laws at issue are preempted by the federal Patient Protection and Affordable Care Act, 42 U.S.C. § 18001, et seq. (the "ACA"), as well as the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiff seeks a declaratory judgment stating that California's prohibition on balance billing is preempted by federal law, as well as a permanent injunction enjoining defendants from enforcing the allegedly preempted state laws.

Also on March 11, 2015, plaintiff filed an *ex parte* application for a temporary restraining order, dkt. 3, which the Court denied by order dated March 12, 2015, dkt. 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 6, 2015 |
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD ET AL. | | |

Plaintiff subsequently filed a second application for a temporary restraining order on March 25, 2015, dkts. 9, 10, which the Court likewise denied by order dated March 26, 2015, dkt. 12.[1]

On April 21, 2015, defendant Kirchmeyer filed a motion to dismiss plaintiff's complaint. Dkt. 21. On May 6, 2015, defendant Rouillard also filed a motion to dismiss the complaint, dkt. 24, which defendant Kirchmeyer subsequently joined, dkt. 28. Additionally, both defendants filed requests for judicial notice. Dkts. 21-2, 24-2.[2]

---

[1] Plaintiff styled this second submission as a "Request for Leave to Exceed Page Limit" in her memorandum in support of her original application for a temporary restraining order. Plaintiff's request, however, was tantamount to a second application for a temporary restraining order and the Court construed it as such.

[2] Defendant Kirchmeyer seeks judicial notice of the following documents: Amended Accusation of Medical Board in In the Matter of the Amended Accusation against Jeannette Y. Martello, M.D., Case No. 17-2009-197045 (the "Medical Board Action"), filed March 19, 2012 (Exhibit A); Medical Board Decision in the Medical Board Action, effective September 16, 2013 (Exhibit B); Martello's Petition for Writ of Mandate in Jeannette Martello v. Medical Board of California, Case No. BS145591 (the "Mandate Action"), filed in Los Angeles County Superior Court on October 16, 2013 (Exhibit C); Tentative Order Denying Petition for Writ of Mandate in the Mandate Action, issued March 2015 (Exhibit D). The Court GRANTS Kirchmeyer's request for judicial notice of the California administrative and state court proceedings, as they are all matters of public record. Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986); see also Fed. R. Evid. 201.

The Court likewise GRANTS defendant Rouillard's request for judicial notice of the following matters of public record: Judgement by Court After Court Trial in People of the State of California, by and through their representative, Edward G. Heidig, as Interim Director of the California Department of Managed Health Care v. Jeannette Martello, M.D., et al., Case No. GC047718 (the "Civil Action"), entered against Martello in Los Angeles County Superior Court on November 15, 2013 (Exhibit 1); Order of the Court of Appeal for the State of California, Second Appellate District, Division 1, Case No. B253947, accepting Martello's appeal the Civil Action, entered March 18, 2015 (Exhibit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD ET AL. | | |

On June 23, 2015, plaintiff belatedly filed oppositions to defendants' motions. Dkts. 32, 33.³ The Court held a hearing on July 6, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

### A.   The Parties

Plaintiff Martello is a plastic surgeon licensed to practice medicine in California. Compl. § II, ¶¶ 1, 7. Through this action, she purports to represent herself "and the interests of California physicians." Id. ¶ 1.

Defendant Kirchmeyer is the Director of the Medical Board of California ("Medical Board"), a state administrative agency responsible for the supervision, regulation, and discipline of physicians. See Compl. § II, ¶ 8. The Medical Board is charged with, inter alia, "the enforcement of the disciplinary and criminal provisions of the Medical Practice Act." Cal. Bus. & Prof. Code § 2004(a).

---

2); Settlement Agreement the DMHC entered into in five enforcement matters, Nos. 12-227, 12-243, 13-275, 14-074 and 14-092, dated October 2014 (Exhibit 3); Advisory published by the federal Centers for Medicare and Medicaid Services ("CMS") titled "The Center for Consumer Information & Insurance Oversight-Affordable Care Act Implementation FAQs-Set 1," regarding the relationship between the federal ACA and state billing laws regarding emergency services (Exhibit 4); Martello's Motion to Dismiss, filed in the Civil Action on June 10, 2013 (Exhibit 5).

³ Because plaintiff filed her opposition nine days after the June 15, 2015 deadline, see C.D. Cal. Local Rule 7-9, defendants request that the Court disregard it pursuant to Local Rule 7-12. Dkts. 36, 37. Additionally, defendant Rouillard requests that plaintiff be sanctioned for her late filing. Dkt. 36. In light of plaintiff's *pro se* status, the Court declines both requests. Christian v. Mattel, Inc., 286 F .3d 1118, 1129 (9th Cir.2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD ET AL. | | |

Defendant Rouillard is the Director of California's Department of Managed Healthcare ("DMHC"), id. ¶ 8, which "has charge of the execution of the laws of [California] relating to health care service plans and the health care service plan business . . . ." Cal. Health & Safety Code § 1341(a). Specifically, the DMHC and defendant Rouillard enforce the Knox-Keene Health Care Service Plan Act of 1975 ("the Knox-Keene Act"), Cal. Health & Safety Code § 1340, et seq. The Knox-Keene Act exists, among other reasons, "to ensure the best possible health care for the public at the lowest possible cost by transferring the financial risk of health care from patients to providers." Id. § 1342(d). To help achieve this goal, the DMHC and Rouillard are charged with supervising, regulating, and disciplining DMHC-licensed health plans and health care providers throughout the state. Compl. § II, ¶ 8.

  **B.** **Balance Billing**

Under the Knox-Keene Act, the term "enrollee" refers to a person covered by a health care service plan, Cal. Health & Safety Code § 1345(c), and the term "provider" refers to "any professional person, organization, health facility, or other person or institution licensed by the state to deliver or furnish health care services," id. § 1345(i). Health care providers who enter into contracts with plans are referred to as "in-network" providers. Typically, enrollees obtain medical services from in-network providers, who are then compensated for these services by the enrollee's health service plan. See Prospect Medical Group, Inc., v. Northridge Emergency Medical Group, et al., 45 Cal. 4th 497, 501 (2009).

However, this "typical payment model sometimes breaks down . . . in the case of emergency care." Id. Because an enrollee in need of emergency care will go to the closest hospital emergency room, there is no guarantee that the treating physician will be an in-network provider. Id. Nonetheless, California law requires doctors in the emergency room setting to administer emergency care regardless of a patient's enrollment status, and health plans are required to pay for their enrollee's emergency care, even if an out-of-network provider treated the enrollee. Id. "The conflict arises when there is no advance agreement between the emergency room doctors and the [enrollee's plan] regarding the *amount* of the required payment." Id. (emphasis in

Case 2:15-cv-01798-CAS-AJW   Document 42   Filed 07/06/15   Page 5 of 14   Page ID #:1638

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'     JS-6

| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD ET AL. | | |

original). Under such circumstances, "the doctors sometimes submit a bill to the [enrollee's plan] that they consider reasonable for the services rendered but that the [enrollee's plan] considers unreasonably high; conversely, the [enrollee's plan] sometimes makes a payment that it considers reasonable for the services rendered but that the doctors consider unreasonably low." Id. at 501-502.

When the plan pays the treating doctor less than the bill submitted by the doctor, the doctor may attempt to directly bill the *patient* for the difference between the bill submitted and the payment received. Id. at 502. This is known as "balance billing." The California Supreme Court has expressly held that the Knox-Keene Act prohibits balance billing for the provision of emergency health services by out-of-network providers. Id. at 502 ("Emergency room doctors may not bill the patient for the disputed amount.").[4] Likewise, the DMHC has promulgated regulations expressly prohibiting the practice of balance billing "by a provider of emergency services, including but not limited to hospitals and hospital-based physicians such as radiologists, pathologists, anesthesiologists, and on-call specialists [.]" Cal. Code Regs. tit. 28, § 1300.71.39.

### C.     DMHC Civil Action in California State Court

On December 31, 2010, the DMHC issued a Cease and Desist Order against Martello, ordering Martello to stop balance billing patients. Compl. § 2, ¶ 45. On July 13, 2011, the DMHC subsequently filed a civil complaint against Martello in Los Angeles County Superior Court (the "Civil Action"), alleging that Martello had balance billed patients in violation of the Knox-Keene Act, and seeking both civil penalties and injunctive relief. Id., ¶ 45; DMHC RJN, Ex. 1 (Martello's Motion to Dismiss, filed June 10, 2013 in THE Civil Action ("Civil Action MTD")) at 1. Specifically, the DMHC complaint alleged that Martello rendered emergency plastic surgery to four patients, pursuant to an "on-call" agreement with a hospital regulated by DMHC, and subsequently

---

[4] "For ease of discussion," the Prospect court referred "rather loosely to those required to provide emergency services without regard to the patient's ability to pay as emergency room doctors, while recognizing that the category is broader than just doctors[.]" 45 Cal. 4th at 501, n1 (citing Cal. Health & Saf. Code § 1345(i)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD ET AL. | | |

balance billed those patients for her services. See generally Civil Action MTD. On August 7, 2012, the *Los Angeles Times* ran a front page article about the Civil Action, which noted that "the state's lawsuit against Martello is . . . the first time the state has taken such an action, against an individual doctor." Compl. § 2, ¶ 54.

In her motion to dismiss the Civil Action, plaintiff argued that the DMHC's decision to enforce the ban on balance billing against her violated the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. Civil Action MTD at 2. Noting that there had "been no enforcement action by DMHC against any other medical doctors in California," Martello asserted that she was "being singled out by the DMHC" because she was an "Hispanic female plastic surgeon." Id. at 2-3. Martello's motion to dismiss was presumably denied, and the Civil Action proceeded to a bench trial.

The case was tried on June 10 through June 13, 2013, and June 24 through June 26, 2013. DMHC RJN, Ex. 1 (Judgment by Court in the Civil Action, entered November 15, 2013 ("Civil Action Judgment")) at 1. At trial, plaintiff testified to her belief that regulations promulgated in June 2010 pursuant to the federal ACA "provided for balance billing," Compl. § 2, ¶ 58, and thus were in conflict with California law prohibiting that practice. Plaintiff alleges that DMHC attorneys in the Civil Action suppressed evidence that purportedly demonstrates that the ACA preempts California's ban on balance billing. See id. ¶¶ 56, 57.

On November 15, 2013, the DMHC prevailed in the Civil Action. Id. ¶ 61. Martello was ordered to pay $562,500 in statutory penalties for violating the ban on balance billing, and was permanently enjoined from, inter alia, "billing any person . . . treat[ed] in the emergency room of any California hospital if that person is enrolled, on the date of treatment, in a plan licensed by the Department of Managed Health Care." Civil Action Judgment at 2. Martello was likewise ordered to dismiss all pending legal actions—i.e, collection actions—that she had initiated against patients whom she had treated "in the emergency department of any California hospital on or after October 15, 2008, and who was enrolled in a plan licensed by the Department of Managed Health Care on the date of treatment." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'    JS-6

| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD ET AL. | | |

On March 18, 2015, Martello appealed the judgment entered against her in the Civil Action. DMHC RJN, Ex. 2 (Order of the Court of Appeal for the State of California, Second Appellate District, Division 1, Case No. B253947, accepting Martello's opening brief in appeal of the Civil Action).

### D. Medical Board Disciplinary Proceedings

On March 16, 2012, the Medical Board filed an Amended Accusation against Martello, alleging that she engaged in unprofessional conduct, in violation of Cal. Bus. and Prof. Code § 2234, by, inter alia, unlawfully balance billing patients (the "Medical Board Action"). Compl. § 2, ¶ 51; Medical Board RJN, Ex. A (Amended Accusation).[5] Plaintiff alleges that the Medical Board initiated disciplinary actions against her despite concurrently representing to third parties that it lacked jurisdiction to investigate emergency physicians for unlawful balance billing. Id. ¶¶ 52-53.

The Medical Board Action was heard by an Administrative Law Judge ("ALJ") on October 22 through October 25, 2012, October 29 through October 31, 2012, November 1, 2012, and April 4 through April 5, 2013. Medical Board RJN, Ex. B (Decision in the Medical Board Action). In a decision effective September 16, 2013, the ALJ concluded that cause existed to discipline Martello for various instances in which she willfully balance billed patients for the provision of emergency services in violation of the Knox-Keene Act. Id. at 21. Rejecting Martello's contention that ERISA preempted the Knox-Keene Act's prohibition on balance billing, id. at 21-24, the ALJ revoked Martello's medical license, but stayed the revocation, instead placing Martello on probation for five years, id. at 27.

On October 16, 2013, Martello filed a petition for a writ of mandate in Los Angeles County Superior Court pursuant to Cal. Code Civ. Pro. § 1094.5(b), seeking review of the ALJ's Decision. Medical Board RJN, Ex. C (Petition for Writ of Mandate). In her petition, Martello challenged both the sufficiency of the evidence, as well as the ALJ's legal conclusions. See generally id. Specifically, Martello asserted, inter alia,

---

[5] The Medical Board filed the Original Accusation against Martello on August 2, 2011. Amended Accusation at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           'O'    JS-6

| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD ET AL. | | |

that: (1) the Medical Board lacked subject matter jurisdiction over the action; (2) the federal Emergency Medical Treatment and Labor Act ("EMTALA") 42 U.S.C. § 1395dd, constituted a "necessary"—and unproven—element of the Medical Board's claims against her; and (3) the Medical Board action "breache[d] a federal contract to comply with the Federal Affordable Care Act"—i.e., the ACA permits balance billing and thus preempts the Knox-Keene Act's ban on the practice. Id. at 2-5.

Following a hearing in March 2015, the Superior Court issued a Tentative Order denying Martello's petition. Medical Board RJN, Ex. D (Tentative Order). The Superior Court rejected all of Martello's arguments, concluding that Martello "did not remain in a [legal] gray area, and instead deliberately violated the law against balance billing." Id. at 25. It is unclear from the record whether a final judgment has been entered in the writ proceedings, or whether plaintiff has exercised her right to appeal the decision. See Cal. Civ. Proc. Code § 1094.5(h).

**III.   LEGAL STANDARD**

   **A.   Rule 12(b)(1)**

A motion to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the objection that the court has no subject matter jurisdiction to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F.Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) ("In considering the plea for lack of jurisdiction, the formal allegations must yield to the substance of the claim."). A challenge to subject matter jurisdiction "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Therefore, when considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 6, 2015 |
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD ET AL. | | |

Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Colls. v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000).

**B.    Rule 12(b)(6)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under Rule 12(b)(6), a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 6, 2015 |
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD ET AL. | | |

requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

## IV.   DISCUSSION

Both defendants assert that this Court should abstain from hearing the instant action pursuant to the doctrine first articulated in Younger v. Harris, 401 U.S. 37 (1971). DMHC Mot. Dismiss at 13-18; Medical Board Mot. Dismiss at 3-7. The application of Younger abstention notwithstanding, the DMHC further argues that Martello's claims fail as a matter of law. DMHC Mot. Dismiss at 4-12.

In Younger, the Supreme Court held that a federal court could not enjoin an ongoing state criminal proceeding. 401 U.S. at 41. The doctrine has since been extended to encompass certain ongoing state civil proceedings. ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014). In such civil cases, Younger abstention is appropriate "only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." Id. (citing Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 593-94 (2013) and Gilbertson v. Albright, 381 F.3d 965, 977-78 (9th Cir. 2004)). "If these 'threshold elements' are met, [courts] then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to Younger applies." Id. (citing Gilbertson, 381 F.3d at 978, 983-84).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'     JS-6

| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD ET AL. | | |

However, the logical prerequisite to the application of Younger abstention is the existence of federal subject matter jurisdiction in the first instance. Doe & Associates Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001) (Younger abstention does not apply where court lacks jurisdiction pursuant to the Rooker-Feldman doctrine). Applying the Rooker-Feldman doctrine to the instant case, the Court concludes that it lacks subject matter jurisdiction over the instant action and grants defendants' motions to dismiss accordingly. See Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir.1991) (explaining that, if the parties fail to raise the issue of subject matter jurisdiction, the Court is "bound to address it *sua sponte* if it is questionable.").

The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005). The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are " 'in essence being called upon to review the state court decision.' " Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983)). The doctrine applies "not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." Kelley v. Med-1 Solutions, LLC, 548 F.3d 600, 603 (7th Cir. 2008). Claims are "inextricably intertwined" with a state court decision if "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules . . . ." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008). See also Napolitano, 252 F.3d at 1030 ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined.").

Here, plaintiff effectively requests that this Court review the Superior Court's denial of her writ of mandate in the Medical Board Action, as well as the Superior Court's entry of judgment against her in the Civil Action. As discussed above, plaintiff asserts two claims for relief in her complaint: (1) she seeks a declaratory judgment stating that the ACA preempts California's ban on balance billing, and (2) requests injunctive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'     JS-6

| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD ET AL. | | |

relief to prevent irreparable harm that she will allegedly suffer as "a direct and proximate cause of the enforcement actions taken . . . by Defendants." Compl. § II, ¶ 74. Plaintiff, however, raised her preemption concerns in both the Civil Action and in the writ proceedings and, in each case, the presiding state court judge rejected plaintiff's contentions. Thus, to provide plaintiff with her requested relief, this Court effectively must determine that the state courts erred as a matter of law in concluding that the DMHC and Medical Board enforcement actions were not precluded by federal law—i.e., the Court would impermissibly act as an appellate court reviewing state court judgments. Cf. Guess v. Board of Medical Examiners, 967 F.2d 998, 1002-1005 (4th Cir. 1992) (affirming district court's lack of jurisdiction over an action to declare state statute regulating physicians unconstitutional, where plaintiff previously challenged the statute unsuccessfully in state-court proceedings to review revocation of his medical license).

Moreover, although the Superior Court's March 2015 denial of plaintiff's petition for a writ of mandate is tentative, Medical Board RJN, Ex. D, this does not preclude application of the Rooker-Feldman doctrine. "The fact that plaintiff technically filed the original Complaint prior to complained-of state court ruling is not sufficient to 'open the door for a federal district court to review the state court decisions.'" Rhodes v. Gordon, No. CV 12-2863, 2013 WL 3780378, at *12 (C.D. Cal. July 16, 2013), appeal dismissed (Nov. 20, 2013) (quoting Marciano v. White, 431 F. App'x 611, 613 (9th Cir. 2011)). " 'To hold otherwise would run counter to the doctrine's underlying principle that review of state court decisions must proceed through the state appellate procedure and then to the United States Supreme Court.'" Id. (quoting Marciano, 431 F. App'x at 613). The pendency of plaintiff's appeal of the Superior Court's judgment in the Civil Action likewise does not preclude application of the Rooker-Feldman doctrine. Marciano, 431 F. App'x at 613. Accord Savin v. Savin, No. ED CV 14-1180, 2015 WL 3619184, at *24 (C.D. Cal. May 5, 2015) report and recommendation adopted, No. ED CV 14-1180, 2015 WL 3618166 (C.D. Cal. June 8, 2015) ("Rooker–Feldman bars Plaintiffs' claims to the extent Plaintiffs challenge the Superior Court's September 25, 2013 order which is the subject of a pending appeal.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 6, 2015 |
|---|---|---|---|
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD ET AL. | | |

    Because plaintiff effectively seeks review of two state court judgments, the Court lacks jurisdiction over plaintiff's complaint pursuant to the Rooker-Feldman doctrine. Accordingly, the Court GRANTS defendants' motions to dismiss.[6]

---

[6] Even assuming that the Rooker-Feldman doctrine did not apply to preclude jurisdiction in the instant case, the Court would nonetheless conclude that Younger abstention was appropriate. First, both the Medical Board Action and Civil Action were initiated before plaintiff filed the instant federal complaint. Gilbertson, 381 F.3d at 969 n.4 ("[T]he question is not whether the state proceedings are still ongoing, but whether they were underway before initiation of the federal proceedings.") (citing Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir. 1987)). Second, both the Medical Board Action and Civil Action are intended to sanction plaintiff for violations of California law—namely, the Knox-Keene Act—and thus constitute acts of civil enforcement "akin to criminal prosecution." Sprint, 134 S. Ct. at 592. See also Middlesex County Ethics Comm. v. Garden State Bar Assn., 457 U.S. 423, 432 (1982) (Younger abstention appropriate where "noncriminal proceedings bear a close relationship to proceedings criminal in nature"). Third, the Knox-Keene Act "reflects important state interests[,]" and "[e]nforcement of the Act is likewise an important interest." Delta Dental Plan of California, Inc. v. Mendoza, 139 F.3d 1289, 1295 (9th Cir. 1998) disapproved of on other grounds by Green v. City of Tucson, 255 F.3d 1086 (9th Cir. 2001). Fourth, plaintiff has the ability to raise federal challenges in her appeals of the state court actions. Middlesex, 457 U.S. at 432 ("[T]he . . . pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims[.]") (quoting another source). See also Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 629 (1986) ("[I]t is sufficient under [Middlesex] that constitutional claims may be raised in state-court judicial review of the administrative proceeding."). Fifth, entertaining plaintiff's federal action would effectively enjoin the ongoing state proceedings; indeed, plaintiff expressly seeks a permanent injunction preventing defendants from enforcing the Knox-Keene Act's balance billing ban against her. Finally, there is "no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex, 457 U.S. at 435. Although plaintiff appears to argue that both state actions were necessarily initiated in bad faith, since they are "cases of first impression," Opp'n at 6, she cites no authority for this proposition. See Baffert v. California Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003) ("In the Younger

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 6, 2015 |
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motions to dismiss plaintiff's complaint.

IT IS SO ORDERED.

|  | 00 : 17 |
|---|---|
| Initials of Preparer | CMJ |

---

abstention context, bad faith generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.").

Moreover, the Court would grant defendants' motions on the alterative ground that plaintiff fails to state a cognizable claim. Plaintiff purports to bring this action pursuant to the Supremacy Clause of the U.S. Constitution. Compl. § I, ¶ 1 ("Plaintiff . . . petitions this Court for injunctive and declaratory relief based on Federal law preemption and the Supremacy Clause of the United States Constitution"). However, as the Supreme Court has recently explained, "the Supremacy Clause does not provide an implied right of action." Armstrong v. Exceptional Child Ctr., Inc., 135 S. Ct. 1378, 1385 (2015); see id. at 1384 ("[The Supremacy Clause] instructs courts what to do when state and federal law clash, but is silent regarding who may enforce federal laws in court, and in what circumstances they may do so.").