UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 23, 2015 |
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S JULY 6, 2015 ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (filed July 22, 2015)

I.   INTRODUCTION & BACKGROUND

On March 11, 2015, plaintiff Jeannette Martello, a plastic surgeon, filed this lawsuit against defendants Shelley Rouillard, in her official capacity as Director of the California Department of Managed Health Care ("DMHC"), Kimberly Kirchmeyer, in her official capacity as Director of the Medical Board of California ("Medical Board"), and Does 1 through 20. Dkt. 1. Plaintiff alleges that defendants' continued enforcement against her of California laws prohibiting the practice of "balance billing" in certain health care contexts violates the Supremacy Clause, U.S. Const. art. VI, cl. 2.

Specifically, plaintiff alleges that the state laws at issue are preempted by the federal Patient Protection and Affordable Care Act, 42 U.S.C. § 18001, et seq. (the "ACA"), as well as the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiff seeks a declaratory judgment stating that California's prohibition on balance billing is preempted by federal law, as well as a permanent injunction enjoining defendants from enforcing the allegedly preempted state laws.

In brief, plaintiff is a plastic surgeon whose practice of balance billing patients for emergency services has been challenged by both the Medical Board and the DMHC in state administrative and judicial fora.[1] After plaintiff violated several cease and desist

---

[1] The Court's July 6, 2015 order contains a detailed explanation of the practice of balance billing patients for emergency services—a practice that is illegal under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL             'O'

| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 23, 2015 |
|---|---|---|---|
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD; ET AL. | | |

orders requiring her to stop balance billing patients, the DMHC initiated civil enforcement proceedings against plaintiff in Los Angeles County Superior Court in 2011 (the "Civil Action"). The DMHC prevailed in the Civil Action in November 2013, and plaintiff was ordered to pay $562,500 in statutory penalties. In March 2015, the Court of Appeal for the State of California accepted plaintiff's appeal in the Civil Action.

During the pendency of the Civil Action, the Medical Board filed an accusation against plaintiff based, inter alia, on plaintiff's balance billing practices (the "Medical Board Action"). In September 2013, an Administrative Law Judge ("ALJ") concluded that plaintiff had willfully and unlawfully balanced billed patients for emergency services, revoked plaintiff's medical license, and ultimately stayed the revocation in favor of a five year probationary period. Plaintiff subsequently filed a petition for a writ of mandate in Los Angeles County Superior Court in October 2013, seeking review of the ALJ's decision. The Superior Court denied plaintiff's writ in March 2015, which plaintiff has the right to appeal.

On April 21, 2015, and May 6, 2015, defendants filed motions to dismiss plaintiff's complaint, dkts. 21, 24, 28, which plaintiff belatedly opposed on June 23, 2015, dkts. 32, 33. By order dated July 6, 2015, the Court granted defendants' motions to dismiss. Dkt. 42.

In so doing, the Court concluded that it lacked jurisdiction over the instant action pursuant to the Rooker-Feldman doctrine. Specifically, the Court reasoned that plaintiff "effectively requests that this Court review the Superior Court's denial of her writ of mandate in the Medical Board Action, as well as the Superior Court's entry of judgment against her in the Civil Action." Id. at 11. The Court further reasoned that this conclusion was not altered by the pendency of plaintiff's appeals in state court. Id. at 12 (citing Marciano v. White, 431 F. App'x 611, 613 (9th Cir. 2011); Savin v. Savin, No. ED CV 14-1180, 2015 WL 3619184, at *24 (C.D. Cal. May 5, 2015) report and recommendation adopted, No. ED CV 14-1180, 2015 WL 3618166 (C.D. Cal. June 8,

---

California's Knox-Keene Health Care Service Plan Act of 1975 ("the Knox-Keene Act"), Cal. Health & Safety Code § 1340, et seq., as interpreted by the California Supreme Court in Prospect Medical Group, Inc., v. Northridge Emergency Medical Group, et al., 45 Cal. 4th 497 (2009). See Dkt. 42.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 23, 2015 |
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD; ET AL. | | |

2015); and Rhodes v. Gordon, No. CV 12-2863, 2013 WL 3780378, at *12 (C.D. Cal. July 16, 2013)).

Alternately, assuming the existence of subject matter jurisdiction in the first instance, the Court found that abstention pursuant to Younger v. Harris, 401 U.S. 37 (1971) was appropriate. Id. at 13, n.6. Moreover, the Court explained that the it would grant defendants' motion on the alternate ground that plaintiff failed to state a cognizable claim, since plaintiff brought the instant action pursuant to the Supremacy Clause of the U.S. Constitution, which does not provide an implied right of action to private litigants. Id. at 14, n.6 (citing Armstrong v. Exceptional Child Ctr., Inc., 135 S. Ct. 1378, 1385 (2015)).

On July 22, 2015, plaintiff filed the instant motion for reconsideration of the Court's July 6, 2015 order. Having carefully considered plaintiff's arguments, the Court DENIES the motion for the reasons set forth herein.

## II.   LEGAL STANDARD

Local Rule 7–18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7–18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-01798-CAS(AJWx) | Date | July 23, 2015 |
| Title | JEANNETTE MARTELLO V. SHELLEY ROUILLARD; ET AL. | | |

### III. DISCUSSION

Plaintiff contends that the Court should reconsider its July 6, 2015 order for two primary reasons. First, plaintiff contends that the Court has misapplied the Rooker-Feldman doctrine to the facts of this case. Local Rule 7–18, however, requires that the prior decision resulted in a manifest injustice. Moreover, although plaintiff argues that she did not raise a *de facto* appeal of the state court judgments, even assuming the merits of this argument, plaintiff does not appear to challenge the Court's alternate conclusion that the Supremacy Clause does not provide a procedural vehicle for her preemption claim.

Second, plaintiff contends that the Younger exceptions mandate federal intervention, since the Court overlooked the fact that plaintiff was allegedly assaulted by an attorney from the DMHC, and California's ban on balance billing "flagrantly and patently" violates express constitutional prohibitions. As to the former argument, plaintiff previously advanced this unsubstantiated allegation. As to the latter, plaintiff's earlier briefing concerning the alleged preemption of relevant California law by the ACA belies any contention that California's ban on balance billing for emergency services is "patently" unconstitutional.

In sum, plaintiff has not demonstrated a proper basis under Local Rule 7-18 for reconsidering the July 6, 2015 order. Accordingly, plaintiff's motion is DENIED.

### IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES plaintiff's motion for reconsideration of the Court's July 6, 2015 order granting defendants' motions to dismiss.

IT IS SO ORDERED.

| | | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |